IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 1, 2008

## ROSENDO REYNA v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-06586     Lee V. Coffee, Judge**

**No. W2007-01637-CCA-R3-PC  - Filed December 10, 2008**

The petitioner, Rosenda Renya, appeals the denial of his petition for post-conviction relief.  On appeal, he argues that trial counsel was ineffective for failing to present a motion to suppress the evidence seized following a traffic stop.  After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

James E. Thomas, Memphis, Tennessee, for the appellant, Rosenda Renya.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Carrie Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This court summarized the facts at trial as follows:

On May 31, 2003, the [petitioner] was traveling on I-40 in Memphis when he was stopped for speeding by officers of the West Tennessee Drug Task Force.  Upon approaching the [petitioner's] 1996 Geo Metro, the officers noticed a strong odor of fabric softener, which is often used to mask the scent of illegal drugs.  The officers also observed that the [petitioner] was extremely nervous and that his hands were visibly shaking.  The vehicle displayed an Ohio "temporary tag," however, the [petitioner] possessed a Texas driver's license, which was expired.  The [petitioner] explained that he was en route to Ohio after visiting family in Houston, Texas.  He further stated that he had only recently purchased the car in Ohio.  Following the officers' request, the [petitioner] granted permission to search his car.  A K-9 unit

was called in to assist with the search, and the dog immediately indicated the presence of drugs in the car.

Upon searching, officers found four suspicious packages wrapped in fabric softener sheets and sealed in plastic in the driver's side rear-quarter panel of the car. One package contained 2.8 pounds of powdered cocaine, and the remaining three packages contained approximately three pounds of marijuana.

On September 18, 2003, a Shelby County grand jury returned a four-count indictment charging the [petitioner] with: (1) possession of over 300 grams of cocaine with the intent to sell; (2) possession of over 300 grams of cocaine with the intent to deliver; (3) possession of over .5 ounces of marijuana with the intent to sell; and (4) possession of over .5 ounces of marijuana with the intent to deliver. At trial, the [petitioner] denied any knowledge of the drugs in his car. The jury convicted the [petitioner] on all four counts as indicted. At the sentencing hearing, the trial court imposed eighteen-year sentences for each of the two class A felony cocaine convictions and two-year sentences for each marijuana class E felony conviction. The sentences were ordered to be served concurrently.

*State v. Rosendo Reyna*, No. W2004-003650-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 1056, at **2-4 (Tenn. Crim. App. Nov. 30, 2004).

During the post-conviction hearing, the petitioner's trial counsel testified that she was appointed to represent the petitioner and recalled that the first thing she did was interview the petitioner. She said that she filed motions for discovery and that the petitioner was insistent on having his trial as soon as possible. Trial counsel said that she did not file a motion to suppress because "[t]here was absolutely nothing legally, with merit, to file a suppression motion on." Counsel said she reviewed the videotape of the traffic stop. She also said that the petitioner was stopped for speeding and that the stop was not unlawful. The petitioner's license was expired, and he gave consent to search the vehicle. Counsel reiterated that any motion to suppress would have been a frivolous motion because there was no legal basis to support a motion to suppress.

Counsel said that, strategically, it would not have aided their defense to file the motion to suppress because the petitioner's contention during counsel's entire representation of him was that he did not know there were drugs in the vehicle. He gave consent quickly because he did not know there were drugs in the vehicle.

Counsel did not recall how many times she met with the petitioner but said there was nothing to discuss with him because of his position that the drugs did not belong to him. Counsel recalled that the petitioner did not have a prior record. Counsel said that she filed a motion for new trial for the petitioner on the basis of sufficiency of the evidence.

The petitioner testified that he was not speeding when his vehicle was stopped and that the

officers used the dog to search immediately after it arrived on the scene.  He said that the officer pulled out behind him on I-40.  He said that he stopped immediately after the officer activated his blue lights.  He gave the officer his license and the title to the vehicle.  He said the officers reviewed his license and title and asked him to exit and step to the rear of the vehicle.  He was locked in the back of the police car when the officers asked for consent to search the vehicle.

The petitioner said that he met with trial counsel approximately three times prior to trial.  He testified that he asked counsel about filing a motion to suppress, but she told him not to worry about that because "nobody likes a whiner."  The petitioner asked counsel to contact the United States Immigration Office because he felt he had been racially profiled.  He testified that there were multiple videotapes of the stop and that the one that was not shown depicted the officers beating on his car to cause the K-9 to bark.  He said that counsel was aware of this tape but did nothing.

The petitioner said that he wanted counsel to investigate who the prior owner of the car was, but no investigation was done.  He said he was given no title or document when he bought the car.

Analysis

On appeal, the petitioner contends that the post-conviction court erred in denying his petition for post-conviction relief.  He argues that counsel was ineffective for failing to file a motion to suppress the evidence seized as a result of his traffic stop.  Specifically, the petitioner contends that the stop was illegal because he was not violating any motor vehicle laws when he was stopped and detained by the police.

This court reviews a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990).  The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient.  *Goad*, 938 S.W.2d at 370.  In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases.  *Baxter*, 523 S.W.2d at 936.  The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance.  *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *State v. Honeycutt*, 54 S.W.3d 762, 769 (Tenn. 2001).  Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below

an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997); *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). The factual findings entered by the post-conviction court are conclusive unless the petitioner establishes that the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001). Here, the post-conviction court accredited the testimony of counsel and not that of the petitioner. The court specifically found that counsel made an informed and tactical decision not to file a motion to suppress evidence. A question of credibility between the witnesses is entrusted to the trial judge as the trier of fact. *State v. Odom*, 928 S.W.2d 18 (Tenn. 1996). To be successful, the petitioner needs to demonstrate that the motion to suppress would have been successful had it been filed. Here, the petitioner simply has not provided evidence that a motion to suppress would have been successful. He has not provided any evidence to demonstrate that the motion to suppress would have resulted in the exclusion of the drugs seized in his vehicle. Therefore, the petitioner is not entitled to relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-